DRINKER BIDDLE & REATH LLP
By: Nancy Marvel, Esquire
Attorney I.D. No. 74916
Dwayne F. Stanley, Esquire
Attorney I.D. No. 86081
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996
(215) 988-2700

FILED JUN 14 2002

Attorneys for Defendant
Bucks County Pictures, Inc.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE LONG | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : NO. 02-CV-3658 |
| BUCKS COUNTY PICTURES, INC. | : |
| and | : |
| MARK FIEDLER | : |
| Defendants. | : |

### BUCKS COUNTY PICTURES, INC.'S
### ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Bucks County Pictures, Inc. ("Bucks County Pictures"), by and through its undersigned counsel hereby answers the Complaint filed by plaintiff Jamie Long as follows:

1. Denied. After reasonable investigation, Bucks County Pictures is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies them and demands strict proof of same at trial.

2. Bucks County Pictures admits that it is a California Corporation qualified to do business in the Commonwealth of Pennsylvania and that it maintains an address for service of process at CT Corporation System, 1635 Market Street, Philadelphia, PA 19103. The remaining allegations of this paragraph are denied.

3.  Denied. After reasonable investigation, Bucks County Pictures is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies them and demands strict proof of same at trial.

4.  Denied. The allegations of this paragraph constitute legal conclusions to which no response is required, but which are nevertheless denied. Additionally, Bucks County Pictures specifically denies that at "all relevant times" it "acted through its driver, agent, servant and/or employee, Mark Fiedler, who was acting in his scope and course of employment" with Bucks County Pictures. To the contrary, Mark Fiedler was not acting in the scope and course of employment with Bucks County Pictures, Inc. at the time of the alleged accident.

5.  Denied. Bucks County Pictures specifically denies that it engaged in any negligent conduct on or about November 9, 2001. Answering further, after reasonable investigation, Bucks County Pictures is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph and, therefore, the remaining allegations are also denied and strict proof of same is demanded at trial.

6.  Denied. The allegations of this paragraph constitute legal conclusions to which no response is required, but which are nevertheless denied. Additionally, Bucks County Pictures specifically denies that "at all times material hereto" Mark Fiedler was acting within the course and scope of his employment with Bucks County Pictures. To the contrary, Mark Fiedler was not acting in the scope and course of employment with Bucks County Pictures, Inc. at the time of the alleged accident.

7.  Denied. Bucks County Pictures specifically denies that Plaintiff was injured as the result of any negligence on behalf of Bucks County Pictures. Answering further, after reasonable investigation, Bucks County Pictures is without knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph and, therefore, denies them and demands strict proof of same at trial.

8. Denied. The allegations of this paragraph constitute legal conclusions to which no response is required, but which are nevertheless denied. Answering further, Bucks County Pictures specifically denies that Plaintiff was injured as the result of any negligence on behalf of Bucks County Pictures.

9. Denied. The allegations of this paragraph constitute legal conclusions to which no response is required, but which are nevertheless denied. Answering further, Bucks County Pictures specifically denies that Plaintiff was injured as the result of any negligence on behalf of Bucks County Pictures.

10. Denied. The allegations of this paragraph constitute legal conclusions to which no response is required, but which are nevertheless denied. Answering further, Bucks County Pictures specifically denies that Plaintiff was injured as the result of any negligence on behalf of Bucks County Pictures.

11. Denied. The allegations of this paragraph constitute legal conclusions to which no response is required, but which are nevertheless denied. Answering further, Bucks County Pictures specifically denies that Plaintiff was injured as the result of any negligence on behalf of Bucks County Pictures.

Count I – Negligence
<u>Plaintiff v. Mark Fiedler</u>

12-13. The allegations in these paragraphs are directed to defendant Mark Fiedler, not Bucks County Pictures, and, therefore, no response is required of Bucks County Pictures. Insofar as a response is deemed necessary, however, after reasonable investigation, Bucks County Pictures is without knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations in this paragraph and, therefore, denies them and demands strict proof of same at trial.

Count II – Negligence
Plaintiff v. Bucks County Pictures, Inc.

14. Defendant Bucks County Pictures hereby incorporates by reference paragraphs 1 through 13 of its Answer to Plaintiff's Complaint as if fully set forth at length herein.

15. Denied. The allegations of this paragraph constitute legal conclusions to which no response is required, but which are nevertheless denied. Answering further, Bucks County Pictures specifically denies that the alleged collision was a result of any negligence on the part of Bucks County Pictures, and Bucks County Pictures specifically denies the allegations of negligence contained in subparagraphs (a) through (d). Answering further, Mark Fiedler was not acting in the scope and course of employment with Bucks County Pictures, Inc. at the time of the alleged accident.

FIRST AFFIRMATIVE DEFENSE

Defendant Mark Fiedler was not acting in the course or scope of employment with Bucks County Pictures, Inc. at the time the accident occurred.

SECOND AFFIRMATIVE DEFENSES

Plaintiff fails to state a claim upon which relief can be granted against Bucks County Pictures, Inc.

THIRD AFFIRMATIVE DEFENSE

The losses, injuries or damages of which Plaintiff complains were proximately caused by the contributory or comparative fault, negligence or culpable conduct of the Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Defendants are entitled to a reduction in any damages which are attributable to Plaintiff's assumption of the risk and/or contributory or comparative negligence.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to take proper and reasonable steps to avoid or mitigate damages.

## SIXTH AFFIRMATIVE DEFENSE

If Plaintiff was damaged in any manner whatsoever, Plaintiff's damages were a direct and proximate result of the intervening or supervening conduct on the part of other named or unnamed parties.

WHEREFORE, Defendant Bucks County Pictures respectfully requests that this Court dismiss Plaintiff's claims against it and grant Bucks County Pictures all additional relief to which it may be entitled.

## CROSSCLAIM

1. Bucks County Pictures, Inc. incorporates by reference its answers to Plaintiff's Complaint as though fully set forth herein.

2. Bucks County Pictures denies that it is liable to Plaintiff for the allegations set forth in Plaintiff's Complaint. Bucks County Pictures avers that if Plaintiff sustained the personal injuries and damages as alleged in Plaintiff's Complaint, then Defendant Mark Fiedler is alone liable, or liable over for indemnification and/or contribution, any liability on the part of Bucks County Pictures, Inc. being expressly denied.

WHEREFORE, Bucks County Pictures denies that it is liable to Plaintiff and respectfully requests it be found entitled to contribution and/or indemnity from Mark Fiedler.

Dated: June 14, 2002

Nancy H. Marvel
Attorney Identification No. 74916
Dwayne F. Stanley
Attorney Identification No. 86081
DRINKER BIDDLE & REATH LLP
One Logan Square
18th and Cherry Streets
Philadelphia, Pennsylvania 19103-6996

Attorneys for Defendant
Bucks County Pictures, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on today's date I caused a true and correct copy of the foregoing Bucks County Pictures, Inc.'s Answer to Plaintiff's Complaint to be served by first-class mail, postage prepaid, upon all attorneys of record, addressed as follows:

> Robert F. Stranick, Esquire
> Black & Associates, P.C.
> 327 W. Front Street
> Media, PA 19063
> Attorneys for Plaintiff
> Jamie Long

> Fred B. Buck, Esquire
> John McCabe, Esquire
> Rawle & Henderson
> The Widener Building
> One South Penn Square
> Philadelphia, PA 19107
> Attorneys for Defendant
> Mark Fiedler

Dated: June 14, 2002

_____
Dwayne F. Stanley, Esquire